United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. GIBSON,<br><br>            Plaintiff,<br><br>      v.<br><br>T. ALLEN, et al.,<br><br>            Defendants. | Case No. 25-cv-06834-WHO (PR)<br><br>**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff Robert D. Gibson claims that state actors at Salinas Valley State Prison and at the CDCR violated his federal constitutional rights by failing to prevent an attack by other prisoners. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

The complaint fails to state any claim for relief. Gibson lists defendants, but he has not alleged specific facts tying each of them to an alleged wrong. Supervisory defendants cannot be held liable simply for being supervisors. Violations of state law do not state a federal constitutional claim. And Gibson's theories of liability are either speculative or incorrect. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **February 2, 2026**. Failure to file a proper amended complaint by February 2, 2026, may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.    Legal Claims

In the complaint, Gibson states that on April 5 and 6, 2024 he was attacked by two different groups of prisoners at Salinas Valley State Prison. (Compl., Dkt. No. 1 at 6-7.) The April 5 attackers were, he alleges, gang members. (*Id.* at 6.) The April 6 attackers were "3 more and completely different assailant[s]." (*Id.* at 7.) He lists as defendants some unnamed (and some named) correctional officers and many supervisory personnel. (*Id.* at 5.) He holds them responsible for not preventing the April 6 attack, which he alleges that they could have done by viewing the recording of the April 5 attack and obtaining the identities of the prior attackers. (*Id.* at 7-8.)

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Gibson's allegations fail to state a claim for relief. It is not enough to list names of defendants and say they are liable. Gibson must allege specific facts tying each specific person to the exact wrong. "A person deprives another 'of a constitutional right,' within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation is individualized and focuses on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018). And unnamed defendants cannot be served (here, for example, "Defendant John Doe[,] chief psychiatric officer," Compl., Dkt. No. 1 at 9). Gibson must provide the names of all defendants.

Moreover, supervisory defendants are not responsible simply because they are supervisors. There is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such

United States District Court
Northern District of California

1   allegations do not "plausibly" establish the supervisors' personal involvement in their
2   subordinates' constitutional wrong.  *Iqbal*, 556 U.S. at 675-82.

3        Gibson alleges that Kelly Santoro and Gena Jones, both CDCR Regional Directors,
4   are liable for not updating the CDCR policy on street gang members "based [on a] 40 year
5   old Los Angeles Department (hearsay) reports"; that supervisory defendants should have
6   had a more elaborate surveillance system to monitor prisoners; and that Associate Warden
7   Jonita Barchacky and Associate Warden Juan Oretga removed his single-cell status "in
8   hopes of furthering engineered violence" against him.  (Compl., Dkt. No. 1 at 8, 11 and 9.)
9   These allegations are far too speculative an allegation to show that these defendants failed
10  to protect him from the April attacks.

11       Gibson also contends that defendants violated state laws and regulations.  That does
12  not state a federal claim under section 1983.  (Compl., Dkt. No. 1 at 6-7.)  Gibson must
13  allege facts that plausibly show that defendants are liable for some federal constitutional
14  wrong.

15       Finally, Gibson's theory of liability is implausible.  The April 6 perpetrators were
16  different persons from the April 5 perpetrators.  There is no support for an inference that
17  viewing the recording of the April 5 events, even if defendants had an obligation to do so,
18  would have been of any help in identifying the future attackers of April 6.

19       The complaint is DISMISSED with leave to amend.

20                                      **CONCLUSION**

21       The complaint is DISMISSED with leave to file a first amended complaint on or
22  before **February 2, 2026**.  The amended complaint must include the caption and civil case
23  number used in this order (25-06834 WHO (PR)) and the words FIRST AMENDED
24  COMPLAINT must be written on the first page.  The amended complaint must also appear
25  on this Court's form, a copy of which will be sent to him.  Because an amended complaint
26  completely replaces the previous complaints, plaintiff must include in his first amended
27  complaint all the claims he wishes to present and all of the defendants he wishes to sue.
28  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate

material from the prior complaint by reference. <u>Failure to file a proper amended complaint by February 2, 2026 may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.</u>

      **IT IS SO ORDERED.**

 **Dated:**  December 11, 2025



WILLIAM H. ORRICK
United States District Judge